IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


DELORES MARTIN,                                      Civ. No. 05-1693 (TC)

                    Plaintiff,                       OPINION AND ORDER

        v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

            Defendant.
_____

Rory Linerud
Linerud Law Firm
P.O. Box 1105
Salem, OR 97308
Attorney for plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Neil J. Evans
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

Stephanie R. Martz
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, Washington 98104-7075
Attorneys for defendant


OPINION AND ORDER–1

COFFIN, Magistrate Judge:

Plaintiff Delores Martin brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner. The Commissioner denied plaintiff's application for disability insurance benefits under Title II of the Act and Supplemental Security Income (SSI) disability benefits under Title XVI of the Act. For the reasons set forth below, the Commissioner's decision is affirmed.

## BACKGROUND

On November 12, 2002, plaintiff Delores Martin protectively filed her applications for disability insurance benefits and SSI. Tr. 169. Her applications were denied initially and upon reconsideration, and plaintiff timely requested an administrative hearing. Tr. 40-44; 471-74, 58-60; 474B-D. On December 18, 2004 plaintiff and vocational expert Gail Young appeared and testified before administrative law judge (ALJ) Thomas P. Tielans. Tr. 492-568. On January 18, 2005 the ALJ issued a decision finding plaintiff not disabled and denied benefits. Tr. 30. On October 6, 2005, the Appeals Council denied plaintiff's request for review, and the ALJ's ruling became the final decision of the Commissioner. Tr. 8-10. Plaintiff now seeks judicial review.

At the time of the ALJ's decision, Mrs. Martin was a 62-year-old widow. She alleges disability since May, 21, 2001 due to dermatitis on her face, cellulitis and stress. Tr. 109. At the hearing she further alleged hand and arm limitations. Mrs. Martin has a GED and a past work history as a cashier, customer service representative, proof operator, lab technician and motel manager. Tr. 110, 537, 564.

//

//

OPINION AND ORDER–2

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

Questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner, Waters v. Gardener, 452 F.2d 855, 858 n.7 (9th Cir. 1971), but any negative credibility findings must be supported by findings on the record and supported by substantial evidence. Cequerra v. Secretary of Health and Human Services, 933 F.2d 735, 738 (9th Cir. 1991). The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). However, even "where findings are supported by substantial evidence, a decision should be set aside if the proper legal standards were not applied in weighing the evidence in making the decision." Flake v. Gardener, 399 F.2d 532, 540 (9th Cir. 1968); see also Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

Under sentence four of 42 U.S.C. § 405(g), the court has the power to enter a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing.

OPINION AND ORDER–3

COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

A five-step sequential process exists for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520.

In step one, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." (SGA) Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b); 416.920(b). The ALJ found that Mrs. Martin had not engaged in SGA during the relevant period.

In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." If the Commissioner finds in the negative, the claimant is deemed not disabled. If the Commissioner finds a severe impairment or combination thereof, the inquiry moves to step three. Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c); 416.920(c). The ALJ found that Mrs. Martin has medically determinable severe impairments including a right hand limitation, and an alcohol dependence disorder.

In step three, the analysis focuses on whether the impairment or combination of impairments meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude gainful activity." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(d); 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds to step four. Yuckert, 482 U.S. at 141. The ALJ found that Mrs. Martin's medically

OPINION AND ORDER–4

determinable severe impairments do not meet or medically equal one of the listed impairments.

In step four, the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is so able, then the Commissioner finds the claimant "not disabled." In doing so, the Commissioner must first identify the claimant's residual functional capacity (RFC), which reflects the claimant's ability to perform sustained work activities in an ordinary work setting for eight hours a day, five days a week. Social Security Regulation (SSR) 96-8p. The ALJ found that Mrs. Martin had the RFC to perform her past relevant work as a bartender, short order clerk, lab technician, motel clerk and cashier and concluded that Mrs. Martin is not disabled.

In step five, the burden rests with the Commissioner to identify work in the national economy that the claimant is capable of performing according to the claimant's RFC. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(f), 404.1560(c). If the Commissioner meets this burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966. If the Commissioner fails to meet this burden, then the claimant is deemed disabled. Because he found Mrs. Martin not disabled at step four, the ALJ did not reach step five.

DISCUSSION

On appeal Plaintiff argues that the ALJ erred by failing to develop the record as to Mrs. Martin's hand and arm limitations and by rejecting the opinion of Mrs. Martin's treating physician without providing clear and convincing reasons to do so. For the reasons stated below, I am unpersuaded by Plaintiff's arguments.

OPINION AND ORDER–5

I.    **Failure to Develop the Record**

Plaintiff argues that the ALJ had a duty to develop the record for the following reasons:

> there was an alleged impairment that involved Plaintiff's use of her hands and arms and: 1) no contrary medical opinion to Plaintiff's treating physician regarding hand and arm limitations; 2) the DDS physicians who rendered medical opinions about Plaintiff's capacities failed to consider the hand/arm problems; 3) the ALJ knew the validity and significance of the hand/arm problems by reaching some limitation regarding these areas, albeit inaccurate and minimal; and (4) the jobs all cited by the vocational expert require hand and arm usage and Plaintiff's limitations would affect her ability to perform those positions.

Plaintiff's Brief at 8.

An ALJ has a duty to develop the record only when there is ambiguous evidence or where the record is inadequate to properly evaluate the evidence to determine disability. Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001). The ALJ's duty is secondary to the plaintiff's burden to present "complete and detailed objective medical reports of [her] condition from licensed medical professionals." Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999); see also Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir.1995).

The record before the ALJ was neither ambiguous nor inadequate to allow for proper evaluation of the evidence. Furthermore, none of the reasons given by Plaintiff in support of her argument provide a legal basis for the ALJ to develop the record. Substantial evidence supports the ALJ's decision that Mrs. Martin was not disabled.

Regarding Mrs. Martin's hand and arm problems, the record reflects the following. Between 1986 and 1991 Mrs. Martin was evaluated and treated for carpal tunnel syndrome in her left arm, Tr. 452, and cubital tunnel syndrome with recurrent carpal tunnel syndrome and ulnar nerve

OPINION AND ORDER–6

compression in her right arm. Tr. 264. Mrs. Martin testified at the hearing that she has numbness, tingling and pain at the tips of her fingers a few times a week. Tr. 543. While Mrs. Martin does all of her own cooking and cleaning, the pain and tingling in her fingers affect her ability to do these activities. Tr. 544. There is nothing in the record to indicate that Mrs. Martin has received any diagnosis or treatment for these hand and arm problems since 1991.

In addition, Mrs. Martin testified that between February or March 2003 and September 2003 she worked as a volunteer bartender at the Moose Lodge. Tr. 539-40. She further testified that she worked approximately 70 hours per week and stopped working only when she was unable to get to the lodge after she wrecked her only vehicle. Her duties at the Moose Lodge included serving drinks, cooking burgers and hot dogs, cleaning, and certifying the till at the beginning and end of each day. Tr. 539-40, 542. She served between three and ten patrons at a time, and tried to be active the entire time she was at the lodge. Tr. 541 Mrs. Martin testified that she could go back to that job. Tr. 542. Finally, Mrs. Martin also testified that she never told her primary care physician, Dr. Gifford, that she was working 10 hours a day. Tr. 559.

The record regarding Mrs. Martin's hand and arm limitations is neither ambiguous nor inadequate to make a determination of disability. The ALJ found Mrs. Martin to be a credible witness and accepted her testimony regarding her ability to perform her duties at the Moose Lodge and to complete her cooking and cleaning at home. Tr. 28. There is no evidence contradicting Mrs. Martin's testimony regarding her activities at the Moose Lodge.

Finally, Plaintiff argues that the ALJ failed to develop the record because he failed to present proper hypotheticals to the vocational expert. Plaintiff's Brief at 10. Specifically, Plaintiff argues that the hypotheticals failed to reflect Mrs. Martin's "true capacities." Id. However, Plaintiff fails

OPINION AND ORDER–7

to describe Mrs. Martin's present "true capacities" with references to the record. The hypotheticals asked by the ALJ included restrictions on fine manipulations, Tr. 565-67, and adequately reflected the vocational restrictions suggested by Dr. Gifford.

## II.    Analysis at Step Four

Plaintiff argues that the ALJ erred in determining Mrs. Martin's RFC by improperly rejecting the opinions of Dr. Gifford without providing clear and convincing reasons to do so. Plaintiff's Brief at 7. Specifically, Plaintiff argues that "[d]espite the well documented history of Plaintiff's hand and arm conditions and problems requiring surgery, the ALJ arbitrarily reached a functional capacity involving these areas without medical authority." Id. at 9.

Mrs. Martin had surgery on her hands and arms in 1991 and 1992. Tr. 463, 458. Since that time she has received no treatment for her hand and arm condition. Mrs. Martin fractured her hand in a fall in October, 2004. She was treated; there is nothing in the record to indicate that that injury has caused her long-term difficulties.

The ALJ's RFC determination was based on the record and supported by Dr. Gifford's suggestions. Specifically, the ALJ found that Mrs. Martin has "only mild exertional limitations, in that she should not perform any constant fine manipulation, and should avoid being exposed to hazards." Tr. 28. The ALJ's conclusion is consistent with Dr. Gifford's recommendations from December, 2004. At that time Dr. Gifford recommended that Mrs. Martin should be limited to no reaching, occasional gross manipulation, and frequent limitations for fine manipulation and feeling. Tr. 448. The ALJ's conclusion that Mrs. Martin has "mild exertional limitations" is further supported by Mrs. Martin's uncontroverted testimony regarding her work at the Moose Lodge.

//

OPINION AND ORDER–8

For the above-stated reasons, I find  that the ALJ's RFC determination is supported by the record.  I have considered all of plaintiff's remaining arguments and find them to be without merit.


<u>CONCLUSION</u>

Based on the foregoing, the ALJ's determination was based on proper legal standards and supported by substantial evidence.  The Commissioner's final decision is affirmed and the case is dismissed.

IT IS SO ORDERED.

DATED this 12+ day of September, 2006


_____
Thomas M. Coffin
United States Magistrate Judge


OPINION AND ORDER–9